UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                              :        Chapter 7
                                                    :
MARTIN BLUME,                                       :        Case No: 17-12941 (SMB)
                                                    :
                        Debtor.                     :
-------------------------------------------------------------X

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION SEEKING AN ORDER PURSUANT TO 11 U.S.C. § 707(A) DISMISSING THE VOLUNTARY PETITION</u>**

PILLSBURY WINTHROP SHAW PITTMAN LLP
Leo T. Crowley
1540 Broadway
New York, NY 10036
(212) 858-1000 (Phone)
(212) 858-1500 (Fax)
leo.crowley@pillsburylaw.com
*Counsel for Martin Blume, as Debtor*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

PRELIMINARY STATEMENT ............................................................................................1

FACTUAL BACKGROUND .................................................................................................2

ARGUMENT…......................................................................................................................2

CONCLUSION ......................................................................................................................4

## TABLE OF AUTHORITIES

**Cases:**

*Dinova v. Harris (In re Dinova),* 212 B.R. 437, 442 (2d Cir. BAP 1997) ............................. 2, 3

*In re Hull,* 339 B.R. 304, 307 (Bankr. E.D.N.Y.2006) ............................................................. 2

*In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986) ....................................................... 2

*In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007) ......................................................................... 2, 3

*Ransom v. FIA Card Servs., N.A.*, 562 U.S. 61, 65, 131 S. Ct. 716, 722, 178 L. Ed. 2d 603 (2011) ................................................................................................................................... 3

*Turpen v. Eide (In re Turpen),* 244 B.R. 431, 434 (8th Cir. BAP 2000) ................................... 2

**Other Authorities:**

11 U.S.C. § 523(a)(8) ............................................................................................................... 3

11 U.S.C. § 707 (a) .................................................................................................................. 2

Martin Blume ("Mr. Blume" or the "Debtor"), by his counsel Pillsbury Winthrop Shaw Pittman LLP, submits this memorandum of law in support of his Motion Seeking an Order Pursuant to 11 U.S.C. § 707(a) Dismissing the Voluntary Petition.

## PRELIMINARY STATEMENT

As shown below, the Petition should be dismissed for two separate reasons. First, dismissal would be in the best interest of all parties in interest. The dismissal would allow Mr. Blume to repay his creditors outside of the context of bankruptcy. Because Mr. Blume is now sufficiently solvent to pay his creditors without the Court's assistance, the creditors' interests would be served by the dismissal of the chapter 7 bankruptcy.

Second, because Mr. Blume is able to pay his creditors outside of bankruptcy, the policy justifications for maintaining the bankruptcy case are no longer applicable.

## FACTUAL BACKGROUND

Debtor filed his voluntary petition under chapter 7 of the Bankruptcy Code on October 20, 2017. (Exhibit A to Martin Blume Decl.). Mr. Blume is 68 years old. He owes about $12,000 in credit and medical debt and $85,000 in student loans.

In early January 2018 Mr. Blume unexpectedly inherited $52,033 in the form of savings bonds. (Exhibits B, D to Martin Blume Decl.). Because of this, Mr. Blume wishes to have his bankruptcy case dismissed. He intends to pay his creditors outside of bankruptcy, and to enter into an income-contingent repayment plan for the student loans.

1

## ARGUMENT

11 U.S.C. § 707(a) provides in relevant part as follows:

**(a)** The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
**(1)** unreasonable delay by the debtor that is prejudicial to creditors;
**(2)** nonpayment of any fees or charges required under chapter 123 of title 28; and
**(3)** failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee.

Because this language is permissive, a debtor's right to voluntary dismissal is not absolute. *Turpen v. Eide (In re Turpen),* 244 B.R. 431, 434 (8th Cir. BAP 2000). Rather, a debtor seeking voluntary dismissal must show "cause." *In re Smith*, 507 F.3d 64, 72 (2d Cir. 2007); 11 U.S.C. § 707(a); *Dinova v. Harris (In re Dinova),* 212 B.R. 437, 442 (2d Cir. BAP 1997). Here, rather than relying on subsections (1)-(3) of section 707(a), the Debtor is relying on general cause. Where a debtor moves for dismissal, courts in this Circuit have determined whether cause exists by looking at whether dismissal would be "in the best interest of all parties in interest." *Smith*, 507 F.3d at 72 (2d Cir. 2007); *Dinova,* 212 B.R. at 442; *In re Schwartz*, 58 B.R. 923, 925 (Bankr. S.D.N.Y. 1986); *In re Hull,* 339 B.R. 304, 307 (Bankr.E.D.N.Y.2006). As the United States Court of Appeals for the Second Circuit outlined in *In re Smith*, the best interest of the debtor "lies generally in securing an effective fresh start upon discharge and in the reduction of administrative expenses leaving him with resources to work out his debts. With regard to creditors, the issue is typically one of prejudice: Creditors can be prejudiced if the motion to dismiss is brought after the passage of a considerable amount of time and they have been forestalled from collecting the amounts owed to them. A prejudicial delay also creates the appearance that such an abusive practice is implicitly condoned by the Code." *Smith*, 507 F.3d at 72 (2d Cir. 2007) (citing *Dinova*).

Here, the best interests of Debtor will be served by dismissal. The largest portion of Mr. Blume's debt is his student loans. It is in the best interests of the Debtor and the creditors for this loan to be repaid outside of the Court. First, Mr. Blume will be able to pay these loans off without the Court's assistance. Mr. Blume has already taken steps to opt into an income-contingent repayment program for his student loans, which would decrease his monthly payments to a more manageable amount. Second, student loans are very difficult to discharge in bankruptcy. 11 U.S.C. § 523(a)(8). Consequently, the only real benefit that Mr. Blume could gain from a chapter 7 case is the potential discharge of the $12,000 in trade claims – an amount which he is now able to pay. By obtaining dismissal of the chapter 7 bankruptcy, Mr. Blume will be able to repay his creditors outside of the context of bankruptcy, thereby providing himself with a fresh start, without need for a discharge.

The best interests of the creditors will also be served. Mr. Blume, having recently come into an inheritance, would be able to pay his creditors outside of the bankruptcy context. The United States Court of Appeals for the Second Circuit has determined that the ability to repay creditors is "part of the required inquiry into whether dismissal would be in the best interest of all parties in interest." Because of his newfound liquidity, if the Court grants this motion, Mr. Blume will pay his creditors outside of bankruptcy, and he has the present ability to make payment to creditors.

Bankruptcy is a legal option for insolvent debtors. But Mr. Blume is no longer insolvent – in fact, he is now able to pay his creditors without assistance from the Court. Because Mr. Blume is able to pay his creditors outside of the bankruptcy context, there is no reason for him to avail himself of the Court's powers.

Finally, in accordance with Judge Stong's opinion in *In Re Ventura*, there is no cause for dismissal with prejudice here. *See In re Ventura*, 375 B.R. 103 (Bankr. E.D.N.Y. 2007) ("Dismissal

3

of bankruptcy case with prejudice to refiling is drastic sanction, which should be used only in extreme situations.").

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that this Court issue an order dismissing the Voluntary Petition.

Dated: New York, New York
January 29, 2018

                    Respectfully submitted,

                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                    By: /s/ Leo T. Crowley
                    Leo T. Crowley
                    1540 Broadway
                    New York, NY 10036
                    (212) 858-1000 (Phone)
                    (212) 858-1500 (Fax)
                    leo.crowley@pillsburylaw.com
                    *Counsel for Martin Blume, as Debtor*